IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMI APRIL MUSIC INC. et al., | ) | CASE NO. 1: 05 CV 1937 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| 1064 OLD RIVER ROAD, INC. et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Rule 60(b) Motion to Vacate Judgment and Motion for Leave to Plead Answer Instanter (Docket #15) filed by Defendants EMI April Music Inc. and 1064 Old River Road, Inc., dba Cleveland Beach Club. Defendants move this Court, pursuant to Fed. R. Civ. P. 60(b)(1), for an order to set aside the default judgment entered in this action on November 30, 2005, and for leave to file an answer to Plaintiffs' Complaint. For the reasons set forth below, Defendants' Motion is hereby DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, EMI April Music, Inc., J. Albert & Son (USA) Inc., Famous Music Corp. And Byefall Productions, Inc. (collectively "Plaintiffs") filed their Complaint on August 5, 2005, alleging infringement of Plaintiffs' copyrights in three musical compositions by unauthorized performance at Defendants' establishment, Cleveland Beach Club, on April 15, 2005 and April 28, 2005. On October 13, 2005, Plaintiffs filed a Motion for Default Judgment (Docket #6). On November 30, 2005, this Court granted Plaintiffs' Motion for Default Judgment.

On January 2, 2006, Defendants filed their Rule 60(b) Motion to Vacate Judgment and Motion for Leave to Plead Answer Instanter. Defendants assert that (1) the summons and Complaint in this Action were served on Defendant Curtis Knowles, Jr., President and Manager for Defendant Beach Club, on September 1, 2005; (2) Mr. Knowles did not receive actual notice because he was served 20 days prior to the death of his brother; (3) at the time of service Mr. Knowles's brother was ailing from a stroke; (4) the seriousness of his illness and unexpected death "threw several aspects of daily operations of the Beach Club and Mr. Knowles's personal life into confusion, including his prompt attention to the response of the summons and complaint"; (5) the illness of his brother "created such distress and confusion in his family that his normal attentiveness was compromised"; and, (6) in December 2005, Mr. Knowles "began overcoming his grief and resuming his normal life" and "after receiving notice of a Proposed Order of Default" from Plaintiffs' attorneys, immediately made arrangements to meet with Counsel.

Defendants assert that Cleveland Beach Club has been in operation for 12 years and has "always responded to claims timely and responsibly." Defendants claim that the failure to timely respond to Plaintiffs' Complaint was "excusable neglect" as set forth in Fed. R. Civ. P. 60(b)(1).

On January 30, 2006, Plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Vacate Judgment and Leave to Plead (Docket #18). Plaintiffs assert that this is a "garden-variety copyright infringement action." Plaintiffs explain that since November 2003, Plaintiffs' licensing organization, ASCAP, has attempted to persuade Defendants, through letters, phone calls and personal visits, to obtain an ASCAP license for their nightclub, to no

-2-

avail. Plaintiffs state that their lawsuit follows nearly two years of unsuccessful licensing efforts and unceasing unauthorized public performances of copyrighted music at Defendants' establishment. Plaintiffs point to the fact that Defendants failed to file an Answer or otherwise appear, despite admittedly proper service of the Complaint and entry of default by the Clerk's office. Defendants noted that Defendants only responded after a default judgment was entered against them by this Court.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 60(b)(1), Defendants ask this Court to set aside the default judgment entered in this action. Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect: . . . The motion should be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Defendants must first demonstrate that the default did not result from their conduct. *See Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). That is, in order to be relieved of the default judgment, Defendants must demonstrate that the default was the result of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). It is only if Defendants make this showing that the Court may examine other factors, namely the existence of a meritorious defense and the absence of substantial prejudice to Plaintiffs should relief be granted. *See Waifersong*, 976 F.2d at 292. Determinations made pursuant to Rule 60(b) are within the sound discretion of the court. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980).

In this case, the Court finds that Defendants have not proven that mistake, inadvertence,

surprise, or excusable neglect caused their failure to Answer the Complaint. Although the death of Mr. Knowles's brother was difficult and unexpected, service of the summons and complaint was admittedly "proper" and Defendants had ample notice of this lawsuit. The Complaint in this case was served on September 1, 2005. Defendants did not request an extension of time from this Court within which to answer or otherwise respond to Plaintiffs' Complaint. Further, Defendants did not respond to the Motion for Default Judgment filed by Plaintiffs on October 13, 2005. This Court granted Plaintiffs' Motion for Default Judgment on November 30, 2005. Defendants did not file their Motion to Vacate until January 2, 2006. Therefore, although they admittedly had notice of the pending lawsuit for four months, Defendants took no action.

Defendants have failed to provide evidence of mistake, inadvertence, surprise, or excusable neglect sufficient to sustain their Motion under Fed. R. Civ. P. 60(b)(1). Accordingly, this Court has no basis by which to vacate the default judgment entered against Defendants in this case.

## CONCLUSION

Based on the foregoing, Defendants' Rule 60(b) Motion to Vacate Judgment and Motion for Leave to Plead Answer Instanter (Docket #15) is hereby DENIED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *March 2, 2006*